IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI DRING and NANCY ASARO<br><br>  Plaintiffs<br><br>v.<br><br>ARIEL LAND OWNERS, INC.,<br>  Defendant | No. 3:15-CV-00478 ARC<br>(Judge Caputo)<br><br>(ELECTRONICALLY FILED) |

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF
DEFENDANT, ARIEL LAND OWNERS, INC. ,
TO THE AMENDED COMPLAINT

1. -6.  Admitted.

7.  Admitted in part and denied in part.   It is admitted that Plaintiffs and ALO, along with others, entered into a settlement agreement on August 28, 2006, and that said Settlement Agreement is attached to the Amended Complaint as Exhibit "A".  The further averments contained in paragraph 7 are specifically denied.   The Settlement Agreement is a writing which speaks for itself and any characterization of its content is specifically denied.

8. -13.  Denied.

14.  Admitted.

15. -16.   Denied.  Further, the Settlement Agreement is a writing which speaks for itself.   Any characterization of content or implication as to the importance of individual terms contained therein is specifically denied.

20.   Admitted.

21. -25.   Denied.

26.   Admitted in part and denied in part.    It is admitted that ALO did not appear at the closing.  ALO did not do so because Plaintiffs had failed to perform their obligations under the Settlement Agreement.   All further averments of paragraph 20 are specifically denied.   Plaintiffs have failed to satisfy their objections pursuant to the Settlement Agreement.

27. -34.   Denied.

## **AFFIRMATIVE DEFENSES**

1.   Plaintiffs' Amended Complaint fails to state a claim on which relief can be granted.

2.   Plaintiffs' claim is barred by the applicable statute of limitations.

3.   Plaintiffs; claim is barred by the statute of frauds.

4. Plaintiffs' claims are barred by their own material breach the Settlement Agreement.

## COUNTERCLAIM

1. Plaintiffs and ALO, along with approximately 49 other property owners along the western shore of Lake Ariel, are parties to the Settlement Agreement and Amendment thereto.

2. Paragraph 2 of the Settlement Agreement requires the Plaintiffs to subdivide the strip of land along the Western Shore of Lake Ariel which was acquired by deed from Wells College dated December 6, 2001 and from Rensselear Polytech.

3. Plaintiffs have failed to subdivide this portion of property as required by the terms of the Settlement Agreement.

4. Paragraph 5 of the Complaint obligates ALO to transfer four (4) lake rights to Plaintiffs for the construction of docks at limited locations for limited purposes and directs ALO to provide plaintiffs with a "permanent easement over the water and a parcel of land at the eastern shore of Lake Ariel, at the end of Cardinal Lane . . . ."

5. In Paragraph 5(b) ALO also agrees that the easement can be used for "storage of removable dock sections on Cardinal Lane" and then qualifies this obligation by providing as follows:

> The site and configuration of the dock shall be subject to the approval of ALO, in accordance with customary policies and procedures of ALO uniformly applied to applications for similar structures.

6. Plaintiffs never submitted a dock plan to ALO which would properly be approved by ALO. "In accordance with customary policies and procedures of ALO".

7. For these reasons, Plaintiff are in material breach of the terms of the Settlement Agreement and ALO is no longer obligated to perform under the Settlement Agreement.

8. As a result of Plaintiff's breach of the Settlement Agreement, ALO has incurred damages including, but not limited to, the lost value of the West Shore Strip.

9. ALO is entitled to recover attorney fees and court costs against Plaintiffs in this matter pursuant to paragraph 14 of the Settlement Agreement.

WHEREFORE, ALO demands judgment in its favor and against Plaintiffs, LORI DRING and NANCY ASARO.

Respectfully submitted,
OLIVER, PRICE & RHODES

/s/ Joseph A. O'Brien
Joseph A. O'Brien, Esquire
Attorney I.D. No.: 22103
Email: jaob@oprlaw.com

/s/ Erin A. Brennan
Erin A. Brennan, Esquire
Attorney I.D. No.: 87748
Oliver, Price & Rhodes
P.O. Box 240
Clarks Summit, PA 18411
Tel: (570) 585-1200
Fax: (570) 585-5100
Email: eab@oprlaw.com

## **CERTIFICATE OF SERVICE**

  I, JOSEPH A. O'BRIEN, ESQUIRE, of Oliver, Price & Rhodes, hereby certify that on the 14th day of May, 2015, I served a true and correct copy of the foregoing ANSWER TO AMENDED COMPLAINT   pursuant to the Federal Rules of Civil Procedure, addressed as follows:

>Rosenn, Jenkins and Greenwald, LLP
>Garry S. Taroli, Esquire
>Robert N. Gawlas, Jr., Esquire
>15 South Franklin Street
>Wilkes Barre, PA   18711-0075

       /s/ Joseph A. O'Brien