**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LORI DRING and NANCY ASARO,

    Plaintiffs,

    v.

ARIEL LAND OWNERS, INC.,

    Defendant.

CIVIL ACTION NO. 3:15-CV-00478

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendant's Motion to Require Plaintiffs to Make an Election of Remedies.[1] (Doc. 17.) Defendant requests that the Court issue an order requiring Plaintiffs to "identify whether they will be seeking to rescind the Settlement Agreement or to enforce the Settlement Agreement and seek damages." (*Id.* ¶ 15.) Assuming an election of remedies is even required, Plaintiffs are not required to make an election at this time. Defendant's Motion will be DENIED.[2]

## **I. Background**

Because the factual and procedural history are both well known to the parties and stated in the Court's prior Memorandum in *Gillespie v. Dring*, No. 3:15-cv-00950 (M.D. Pa.) ("companion case") (Companion Case, Doc. 15), they need not be repeated here other than to note the following:

Plaintiffs and Defendant in this action executed a Settlement Agreement (the

---

[1] A companion suit filed against Lori Dring and Nancy Asaro is proceeding concurrently. *Gillespie v. Dring*, No. 3:15-cv-00950 (M.D. Pa.) ("companion case"). In the companion case, Plaintiffs West Shore Property Owners have also filed a Motion seeking to require Dring and Asaro to make an election of remedies. (Companion Case, Doc. 32.) Because both Motions deal with the same legal issue, both will be addressed in this Memorandum.

[2] For the same reasons, in the companion case, *Gillespie v. Dring*, No. 3:15-cv-00950 (M.D. Pa.), Plaintiffs' Motion to Require Defendants to Make an Election of Remedies (Companion Case, Doc. 32) will also be denied.

"Agreement") to resolve a prior action entitled *Ariel Land Owners, Inc. v. Dring*, No. 3:01-cv-00294 (M.D. Pa. 2003). In addition to Plaintiffs Lori Dring and Nancy Asaro ("Dring and Asaro") and Defendant Ariel Land Owners, Inc. ("ALO"), the Agreement involves a group of individuals who identify themselves and their predecessors in title as the owners of real property on the western shore of Lake Ariel and Mud Pund ("West Shore Property Owners" or "Property Owners").

Dring and Asaro are also involved in a companion case brought by the West Shore Property Owners, in which the Property Owners claim that, under the Agreement, Dring and Asaro are required to convey to them an easement over the "North Strip[3]." *See Gillespie v. Dring*, No. 3:15-cv-00950 (M.D. Pa.); (*see also* Property Owners' Am. Compl. Count I, Companion Case, Doc. 22.) On July 17, 2015, Dring and Asaro filed a motion to dismiss the West Shore Property Owners' original Complaint in its entirety. (Companion Case, Docs. 6 & 9.) On October 6, 2015, the Court issued a Memorandum and Order granting in part and denying in part Dring and Asaro's motion to dismiss. (Companion Case, Docs. 15 & 16.) Specifically, the Court granted Dring and Asaro's motion to dismiss the West Shore Property Owners' promissory estoppel claim in Count II and claim for declaratory relief regarding the Property Owners' status as bona fide purchasers in Count III. With respect to Count IV, the Court permitted the Property Owners to file an Amended Complaint properly pleading a claim for a prescriptive easement. (*See* Companion Case, Doc. 22.) The Court originally denied Dring and Asaro's motion to dismiss Count I of the Complaint seeking damages and an order requiring Dring and Asaro to transfer an easement over the North Strip. After considering Dring and Asaro's motion for reconsideration, the Court granted the motion in part on January 16, 2016, and vacated Section III.A. of its decision to the extent that it could be construed as determining there had been no material breach of the Agreement that excused Dring and Asaro's obligation to the West Shore Property

---

[3]   The "North Strip" is a segment of the "Western Shore Strip." (*See* Am. Compl. Ex. A ¶ 2, Doc. 4-1.)

Owners, and to the extent that it could be construed as determining the Settlement Agreement did not create a condition precedent with respect to the language at issue. (Order, Companion Case, Doc. 28.) On May 4, 2016, ALO filed the instant Motion seeking to require Dring and Asaro to make an election of remedies, and the West Shore Property Owners filed the same Motion against Dring and Asaro in the companion case. (Doc. 17; Companion Case, Doc. 32.)

## II. Legal Standard

The doctrine of election of remedies "has frequently been regarded as an application of the law of estoppel, on the theory that a party cannot, in the assertion or prosecution of his rights, maintain inconsistent positions, and that where there is a choice of two remedies which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other." *Wedgewood Diner, Inc. v. Good*, 534 A.2d 537, 538 (Pa. Super. Ct. 1987). The doctrine "stems from the principle that rescission and damages are fundamentally inconsistent remedies." *Rahemtulla v. Hassam*, 2008 WL 2247195, at *1 (M.D. Pa. May 30, 2008). "Pennsylvania courts have established that a plaintiff 'may not maintain at the same time in separate counts of one action, or in two different suits claims for rescission of a contract and restitution on the one hand and for damages for breach of the same contract together with expectation interest, on the other hand." *Id.* (quoting *Wedgewood Diner, Inc.*, 534 A.2d at 538); *see also Reliable Tire Distribs., Inc. v. Kelly Springfield Tire Co.*, 607 F. Supp. 361, 371 (E.D. Pa. 1985) ("[A] party is only entitled to the protection of his restitution interest as an alternative to enforcement of the contract.").

"Generally, a party must make an election of remedies after the case is submitted to the jury and the verdict is entered, but prior to the entry of judgment." *Rahemtulla,* 2008 WL 2247195, at *2. "However, an earlier election may be required where the evidence concerning the inconsistent remedies would be confusing to the jury or the remedies are so fundamentally inconsistent that only an earlier election will suffice." *Id.* "Substantial prejudice to the defendant is also a factor to be considered." *Id.*

3

### III. Discussion

On November 3, 2016, a hearing was held on both ALO's Motion to Require Dring and Asaro to Make an Election of Remedies, and the West Shore Property Owners' Motion to Require Dring and Asaro to Make an Election of Remedies. (Doc. 17; Companion Case, Doc. 32.) Because the arguments asserted in the two separate Motions are essentially identical, the Court will only address the Motion brought by ALO, but the reasoning applies with full force to the Motion brought by the West Shore Property Owners. Specifically, ALO requests that this Court require Dring and Asaro to identify whether they will seek rescission of the Settlement Agreement or enforcement of the Settlement Agreement and damages. (Def.'s Mot. ¶ 15, Doc. 17.) ALO contends that its Motion is warranted because Dring and Asaro are presently seeking to sue ALO for breach of the Settlement Agreement, while concurrently defending themselves in the companion case on the grounds that, *inter alia*, they are excused from their performance obligations to the West Shore Property Owners because ALO has failed to perform its obligations under the Agreement. (West Shore Owners' Br. 6, Companion Case, Doc. 31.)  For the reasons detailed below, ALO's Motion (Doc. 17) in the present case will be denied. The West Shore Property Owner's same Motion (Companion Case, Doc. 32) in the companion case will also be denied.

Even assuming, *arguendo*, that Dring and Asaro were pursuing inconsistent remedies, the law would not require them to make an election at this time. Under the doctrine of election of remedies, a court will usually require a party seeking inconsistent remedies to make an election "after the case is submitted to the jury and the verdict is entered, but prior to the entry of judgment." *Rahemtulla v. Hassam*, 2008 WL 2247195, at *2 (M.D. Pa. May 30, 2008). In the minority of cases in which requiring an election is proper, a court may require a party to make an earlier election where "evidence concerning the inconsistent remedies would be confusing to the jury or the remedies are

so fundamentally inconsistent that only an earlier election will suffice." *Id.* Additionally, "[s]ubstantial prejudice to the defendant is also a factor to be considered." *Id.* In the present matter, even if Dring and Asaro are required to make an election, nothing suggests the need to require them to do so at this early stage. If Dring and Asaro were concurrently seeking contract damages and rescission of the same agreement, as ALO alleges, the *Rahemtulla* case upon which ALO relies found that such a scenario *did not* require plaintiffs to make an early election. *See id.* at *2. Although legal contract damages and rescission are "fundamentally inconsistent remedies," succeeding on either claim requires proving substantially similar facts. *See id.* (finding "no distinction in the facts which will be presented in support of the legal claims, as opposed to the potential equitable claims"). Even more significantly, any fear of jury confusion is moot because the present case is scheduled for a bench trial in April 2017, while the companion case is not scheduled for trial until October 2017. Finally, ALO has not demonstrated that they would suffer substantial prejudice that requires Dring and Asaro to make an early election. Accordingly, even if an election of remedies was required, it would not be required at this juncture.

In addition to the fact that an election of remedies would be premature at this time, the Court struggles to see how the remedies Dring and Asaro seek in the two actions are necessarily inconsistent.

First, unlike the *Wedgewood Diner* case cited by ALO, the case at hand does not present a breach of contract scenario in which a plaintiff filed one lawsuit seeking a particular remedy in Case A, and then filed a second lawsuit seeking another, allegedly inconsistent remedy, in Case B. *Cf. Wedgewood Diner, Inc. v. Good*, 534 A.2d 537, 540 (Pa. Super. Ct. 1987) (plaintiffs sought damages arising out of a loan transaction in Case A, and subsequently sought to rescind the same loan transaction and seek restitution in Case B). Here, Dring and Asaro filed suit against ALO on March 10, 2015, claiming ALO breached the Settlement Agreement. (Doc. 1.) The West Shore Property Owners subsequently filed suit against Dring and Asaro on May 15, 2015. (Companion

5

Case, Doc. 1.) In the companion case, Dring and Asaro are *defending themselves* against, *inter alia*, a breach of contract claim (*see* Am. Compl. Count I, Companion Case, Doc. 22) by alleging that they are not in material breach because time for performance is not yet due. (*See* Dring & Asaro Br. in Opp'n 7, Companion Case, Doc. 39.) Moreover, in the companion case Dring and Asaro do not assert any counterclaim or affirmative defense seeking rescission of the Agreement. (*See* Dring & Asaro Answer, Companion Case, Doc. 25.) Thus, contrary to ALO/West Shore Property Owners' contention that "Dring and Asaro are attempting to accomplish exactly what the Superior Court found improper in *Wedgewood v. Good*," Dring and Asaro have not initiated two separate lawsuits arising out of the same contractual transaction. (West Shore Owners' Br. 10, Companion Case, Doc. 31.) Rather, they are affirmatively seeking relief under the Agreement in Case A and defending themselves in Case B. This is not a case in which a party has initiated two different lawsuits and seeks two different remedies.

Second and similarly, unlike the *Rahemtulla* case cited by ALO, Dring and Asaro are not simultaneously pursuing both a claim for damages and a claim for rescission arising out of the same Agreement. Whereas the plaintiffs in *Rahemtulla* sought rescission of a partnership agreement in addition to damages from the defendant's breach of his fiduciary duties arising under the same partnership agreement, *see Rahemtulla*, 2008 WL 2247195, at *1*, Dring and Asaro have asserted one claim for breach of contract in the present action and one counterclaim for trespass in the companion case that is unrelated to recovery under the Agreement. (Dring & Asaro Br. in Opp'n 6-7, Companion Case, Doc. 39.) Absent from Dring and Asaro's pleadings is a claim for rescission and/or restitution. Rather, Dring and Asaro assert defensively in the companion case that they are not liable to the Property Owners for breach of contract because a condition precedent has not yet been satisfied or, alternatively, they are permitted to suspend their performance under the Agreement as a result of ALO's material breach. (*See id.* at 3.) It is "a settled principle of contract law . . . [that] a material breach by one party to a contract entitles the non-breaching party to suspend

performance." *Widmer Eng'g, Inc. v. Dufalla*, 837 A.2d 459, 467 (Pa. Super. Ct. 2003). The Court currently takes no position on the merits of Dring and Asaro's argument that its performance obligation to the West Shore Property Owners has not yet arisen. But that is not the issue presently before the Court. The immediate case is, however, distinguishable from the *Rahemtulla* case in that Dring and Asaro are not asserting both a claim seeking damages and a claim seeking rescission arising under the same contract.

Third and also relatedly, Dring and Asaro's positions in the present case and the companion case are not necessarily inconsistent. In the instant matter, Dring and Asaro allege ALO breached the Settlement Agreement by failing to convey to them an easement over Cardinal Lane as required under the Agreement. (Am. Compl. ¶¶ 21, 27-28, Doc. 4.) Dring and Asaro contend that ALO failed to convey this interest because ALO does not own the proposed easement area and failed to acquire marketable title to that land. (*Id.* ¶¶ 21-22.) Furthermore, Dring and Asaro claim that they were ready and willing to perform their part of the Agreement–that is, execute and deliver a quitclaim deed transferring their title and interest in the North Strip to ALO, subject to a permanent easement in favor of the West Shore Property Owners–but did not do so because ALO failed to appear at the closing. (*Id.* ¶¶ 23-26.) Because ALO allegedly failed to appear at the closing, and because ALO allegedly failed to obtain marketable title to the parcel of land that it agreed to grant an easement in favor of Dring and Asaro, Dring and Asaro filed the present breach of contract claim against ALO. In the companion case, the West Shore Property Owners are suing Dring and Asaro for breach of contract under the same Agreement. The Property Owners allege that Dring and Asaro failed to grant them an easement over the North Strip, as required under the Agreement.[4] (Property Owners' Am. Compl. ¶¶ 13, 31-32, 34, Companion Case, Doc. 22.) In response to this claim,

---

[4] The Settlement Agreement requires Dring and Asaro to convey a quitclaim deed to the North Strip to ALO that is subject to a permanent easement in favor of the West Shore Property Owners. (*See* Am. Compl. Ex. A. ¶ 3, Doc. 4-1.)

Dring and Asaro assert defensively that they have not yet granted the easement to the Property Owners because their performance under the Agreement has either not yet arisen or is suspended due to ALO's material breach. (Dring & Asaro Answer ¶¶ 15-16, Companion Case, Doc. 25.) Thus the positions taken by Dring and Asaro in the two cases are not inherently inconsistent: because ALO materially breached the Agreement, Dring and Asaro are entitled to damages; and because ALO failed to satisfy a condition precedent and/or materially breached the Agreement, Dring and Asaro are not obligated to perform under the agreement at this time.

This Court noted in its earlier opinion that Dring and Asaro allege that only ALO materially breached the Agreement, not the West Shore Property Owners. (Mem. 10, Companion Case, Doc. 15.) However, as the Court's Order on January 19, 2016 clarified, there has not been a final determination about whether a condition precedent was intended and whether a material breach of the Agreement has occurred. (Companion Case, Doc. 28.) Consequently, whether ALO's purported material breach in fact excuses Dring and Asaro's performance under the Agreement with respect to the Property Owners is still in dispute. The issue instantly before the Court is limited to whether Dring and Asaro are pursuing inconsistent remedies in the two matters, which the Court concludes they are not.

### III. Conclusion

For the above stated reasons, Defendant's Motion to Require Plaintiffs to Make an Election of Remedies (Doc. 17) will be DENIED. Additionally, in the companion case, Plaintiffs' Motion to Require Defendants to make an Election of Remedies (Companion Case, Doc. 32) will be DENIED.

An appropriate order follows.

November 8, 2016  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge