IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI DRING and<br>NANCY ASARO<br>　　　　　　　　　Plaintiffs<br><br>v.<br><br>ARIEL LAND OWNERS, INC.,<br>　　　　　　　　　Defendant | No. 3:15-CV-00478 ARC<br>(Judge Caputo)<br><br>(ELECTRONICALLY FILED) |

**RESPONSE OF DEFENDANT, ARIEL LAND OWNER'S INC. TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

1-6.   Admitted.

7-8.   Admitted in part and denied in part. It is admitted that Swingle, prior to February 11, 2002, obtained multiple properties in and around Lake Ariel to Elly Culotta and Salvatore Culotta by deed dated February 11, 2001 and signatures notarized in Wayne County Deed Book at page 254, attached as Exhibit A to the Affidavit. Whether the February 11, 2001 date is erroneous is a question of fact to be determined by the Court.

9.   Admitted in part and denied in part. It is admitted that the Culotta deed included a 47 acre parcel of land described as being located along Lake Ariel. Whether this parcel included Cardinal Lane is an issue presently before the Court of Common Pleas of Wayne County and is also a question of fact to be determined by this Court.

10. Admitted.

11. Denied. Between December, 2015 and March, 2016, O'Brien, representing Lake Ariel and Waldron, representing the Culottas discussed a resolution of the dispute of Culottas' claim to Cardinal Lane which would have resulted in the deed by ALO to Culottas of the interest they had in Cardinal Lane and in return, a deed by the Culottas to ALO giving them a transferable easement over Cardinal Lane, which would be consistent with the easement provisions contained in the Settlement Agreement. ALO submits that the settlement discussion between O'Brien and Waldron are not admissible and, if admissible, what was discussed and whether its relevant are questions of fact of law to be determined by the Court.

12. Admitted.

13. It is admitted that ALO filed a malpractice action against Lehutsky on July 31, 2015. This action was filed to protect the statute of limitations so it would be determined in other proceedings that ALO had not obtained title to Cardinal Lane by virtue of the deed from Swingle.

14-17. It is admitted that Lehutsky, Malakin and Brown testified at a depositions and that they made, inter alia, the statements referred to in

these paragraphs. The credibility of these statements however, is a question of fact to be decided by the Court.

16. Admitted.

17. The relevance and credibility of these statements are questions of fact and law and are to be decided by the Court.

18. Admitted. The Complaint against Swingle, like the Complaint against Lehutsky, was filed to protect the statute of limitations. The question whether Swingle believed he owned Cardinal Lane at the time is a question of fact to be determined by the Court. Especially in light of the fact, that Swingle testified at his deposition that he owned Cardinal Lane at the time (See Exhibit A, attached hereto).

19-21. Admitted.

22. Denied. ALO admits that its title to Cardinal Lane as November 18, 2014 was under challenge by Culotta. The ownership of Cardinal Lane is a matter pending before the Common Pleas Court of Wayne County. ALO admits that due to the challenge made by Culotta, it was not in a position to provide some of the easement rights referred to in the Settlement Agreement as of November 18, 2014. ALO denies that is was obligated to grant all of the easements on that date.

23. It is denied that Cardinal Lane easement was a material part of the consideration Dring and Asaro were to receive from ALO pursuant to the agreement or that it was to be used by Dring and Asaro in conjunction with their ownership of their Mud Pond Parcel. The record contains no evidence of this fact. The Henkelman report submitted by Dring and Asaro does not make this claim. The allegations of this paragraph present questions of fact to be determined by the court.

Respectfully submitted,

**OLIVER, PRICE & RHODES**

/s/ Joseph A. O'Brien
Joseph A. O'Brien, Esq.
Attorney I.D. No.: 22103
P.O. Box 240
Clarks Summit, PA 18411
Tel: (570) 585-1200
Fax: (570) 585-5100
Email: jaob@oprlaw.com

## CERTIFICATE OF SERVICE

I, **JOSEPH A. O'BRIEN, ESQUIRE**, of Oliver, Price & Rhodes, hereby certify that on the 15th day of December, 2016, I caused the foregoing RESPONSE OF DEFENDANT TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS to be filed via the Court's ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

| | |
|---|---|
| Rosenn, Jenkins and Greenwald, LLP<br>Garry S. Taroli, Esquire<br>Robert N. Gawlas, Jr., Esquire<br>15 South Franklin Street<br>Wilkes Barre, PA   18711-0075 | Michael Profita, Esquire<br>500 Frank W. Burr Blvd., Suite 31<br>Teaneck, NJ 07666 |

/s/ Joseph A. O'Brien
Joseph A. O'Brien, Esq.

P:\O'BRIEN, JOE\ARIEL LAND OWNERS\D&A vs. ALO-478-Current\Pleadings\Response of ALO to Statement of Undis Facts.docx