IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI DRING and<br>NANCY ASARO<br>Plaintiffs<br><br>v.<br><br>ARIEL LAND OWNERS, INC.,<br>Defendant | No. 3:15-CV-00478 ARC<br>(Judge Caputo)<br><br>(ELECTRONICALLY FILED) |

**SECOND SUPPLEMENTAL AFFIDAVIT OF THEODORE E. MALAKIN SUBMITTED BY ARIEL LAND OWNERS, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO THE MOTION FOR PARTIAL SUMMARY JUDGMENT OF THE PLAINTIFFS, LORI DRING AND NANCY ASARO**

1. I, Theodore Malakin being duly sworn according to law, depose and say that the statements made in this Second Supplemental Affidavit are true and correct to the best of my information, knowledge and belief.

2. Attached hereto as Exhibit A, is a true and correct copy of the check submitted by William Schoenagel to the Wayne County Department of Planning on May 22, 2001 as payment for the application to merge properties of Dring and Asaro and Swingle.

3. Attached hereto as Exhibit B, is the Response of the Wayne County Planning Department of Planning to the Application on May 22, 2001 as to merge properties owned by Dring and Asaro and Swingle.

4. Attached hereto as Exhibit C and D are tax maps from the Wayne County

showing the location of properties along the west shore of Lake Ariel and Mud Pond

5. Attached hereto as Exhibit E is a copy of the expert report of William Schoenagel dated October 28, 2016, submitted by Dring and Asaro in this case.

6. Attached hereto as Exhibit F is the Order of the Court of Common Pleas of Wayne County, denying summary judgment in the Culotta litigation.

**SCHOENAGEL SURVEYING**
RR# 3 BOX 15
GREENTOWN, PA 18426
(570) 857-0256

60-1211-313

**2025**

| DATE | | | | | CHECK NUMBER |
|---|---|---|---|---|---|
| 5/22/01 | Wayne Co. Dept of Planning | | Surveying/Drawing/subcontract | | 2025 |

PAY TO THE ORDER OF ~~Fifty and no/100~~

PAY AMOUNT OF $ 50.00

111011

| EXPLANATION | AMOUNT |
|---|---|
| | |
| | |
| | |

DOLLARS

CHECK AMOUNT
$ 50.00

William Schoenagel

LA BANK, N.A.
A SUBSIDIARY OF LAKE ARIEL BANCORP, INC.

⑆002025⑆ ⑉031312110⑉ ⑈204100048⑈



| | | BOARD MEMBERS |
|---|---|---|
| | # Wayne County<br># Department of Planning<br>925 Court Street<br>Honesdale, PA. 18431 | William E. Theobald<br>*Chairman*<br>Richard B. Henry<br>Alan J. Highhouse<br>Kuni Holbert<br>Vicky J. Lamberton<br>Daniel A. Liptak<br>Robert Lubinski<br>William F. Troop<br>Frank Ward |

Edward J. Coar
*Director of Planning*

May 24, 2001

Lake Township Supervisors
C/o: Fred Birmelin
1270 Easton Tpk.
Lake Ariel, PA 18436

**RE: Swingle subdivision. Parcel 2 (34.33 acres) addition to adjoining Parcel 1 (52.210 acres) to form one (1) new parcel containing 86.54 acres total.**

Gentlemen:

As per the requirements of Section 502 of Act 247, the Pennsylvania Municipalities Planning Code, we have reviewed the above referenced land subdivision located along the east side of SR 191 (Lake Ariel Hwy.) in Lake Township, Wayne County.

We have no detrimental comments on this lot addition proposal. However, it will be important that a correct deed description is prepared which describes the entire perimeter of the newly formed Parcel 1R containing 86.43 acres total. This will result in a recorded deed that will coincide with the approved subdivision plan.

Please contact our office if you have any questions.

Sincerely,

Craig Rickard
Senior Planner

CR
cc: Lake Township Planning Commission
    Robert M. Swingle, Et Al
    Nancy Asaro & Lori Dring
    William F. Schoenagel, P.L.S.
    file

Phone: (570) 253-5970 ext.183  •  Fax: (570) 253-5432





# Report for Proposed 4 Lot Subdivision
# "Concept Plan"
# Lands of Nancy Asaro and Lori Dring
# 86.43 Acre Parcel

## Lake Township, Wayne Co. PA

## Prepared by William F. Schoenagel, PLS

## October 28, 2016



"E"

I developed an initial Concept Plan for a 4 lot subdivision on the lands of Nancy Asaro and Lori Dring which is dated September 16, 2016 and hereto as Exhibit "A". I have reviewed soils mapping, wetlands mapping and the Lake Township Ordinances as a basis for the proposed lot lines. The minimum Lot size in the township is 2 acres. The smallest proposed lot is approximately 16 acres. Home sites on Lots 1 and 2 may not have lake views. Home sites on Lots 3 and 4 will have lake views All lots will have lake/pond frontage. With proper permitting a dock should be able to be installed on each of the lots.

The Asaro/Dring parcel is Parcel 1R as shown on a lot combination map of the lands of Robert M. Swingle, et. ux, et. al. and Nancy Asaro and Lori Dring dated May 4, 2001 and recorded at Plat Book 95 page 42, on May 26, 2001. Parcel 1R was processed under a Form B Sewage Planning Waiver. The wording from the map is as follows:

"Form B Waiver:
Previously approved for Parcel 1 now applies to Parcel 1R:

As of the date of this plot plan recording, the property/submission (Parcel 1) described is and shall be dedicated for the express purpose of preserved wetlands. No portion of this property/Subdivision has been approved by Lake Township or the Department of Environmental Protection for the installation of sewage disposal facilities. No sewage permit will be issued for the installation, construction, connection to or use of any sewage collection, conveyance, treatment, or disposal system (except for repairs to existing systems) unless the municipality and DEP have both approved sewage facilities planning for the property/subdivision described herein in accordance with the Pennsylvania Sewage Facilities Act (35 P.S. Sections 750.1 et. seq.) and regulations promulgated thereunder. Prior to signing, executing, implementing or recording and sales contract or subdivision plan, any purchaser or subdivider of any portion of this property should contact the appropriate officials of Lake Township, which is charged with administering the sewage facilities act to determine what sewage facilities planning is required and the procedure and requirement for obtaining appropriate permits or approvals."

This Waiver states that no sewage testing was done and no sewage permit will be issued until proper sewage planning is completed by the township and state. The proper procedure for the proposed project is to complete the on-site sewage testing and prepare and get approval of a Component I Sewage Planning Module.

For all subdivisions within Pennsylvania a subdivision plan starts with available sewage testing. Each new lot must have an acceptable sewage test and percolation test. A backhoe sewage test for each proposed lot on the Concept Plan was done on 10/17/16 and witnessed by the township Sewage Enforcement Officer. One acceptable test site was found for each lot shown on the Concept Plan. The backhoe test determines the soil depth and acceptability. The percolation test mainly determines the size of the sewage bed. The percolation test has not been done as of the date of this report, however in my opinion each proposed lot will pass a percolation test.

Each proposed lot shall be served by an individual on-lot well. Historically, wells in this area produce ample water for a single-family residence. Depths of wells vary depending on where, vertically, ample water is found.

A highway occupancy permit must be obtained for access to the property. I have evaluated the site conditions for the access road. Based on the evaluations and my understanding of the PennDOT regulations, in my opinion the proposed driveway will exceed the minimum sight distance requirements, and therefore a Highway Occupancy Permit would be issued for this development.

Due to the existing grade of the land I expect, that with proper engineering and design, the road as proposed can meet the design criteria in the Township Ordinance. The road will be designed to Minor Road standards with a 50 foot wide right-of-way. According to the Ordinance a cul-de-sac street shall not exceed 2400 feet. The proposed street is approximately 1330 feet long and therefore does not exceed the maximum permitted length of a cul-de-sac.

Under Section 303.2, f. of the Township Ordinance, each lot is required to have a 150 foot minimum road frontage. Each of the four lots meet the Ordinance criteria for width and depth.

An Erosion and Sedimentation (E & S) control plan must be developed for the project. With the lots as designed being well in excess of the Township minimum lot size, in my opinion any required E & S facilities can be accommodated on each proposed lot.

A wetland determination has not been performed for the property. A wetland crossing permit may have to be obtained for the beginning section of the proposed road, and in my opinion it will be possible to obtain the wetland crossing permit.

In conclusion, based on the existing contours of the site, review of the wetlands from wetland mapping, sewage testing and review of the Lake Township Subdivision and Land Development Ordinance and based upon my 30 years of experience in land development in this area, it is my opinion, within a reasonable degree of land surveying certainty, that the four lots can be developed as single-family home sites as proposed on the Concept Plan. This is a typical 4 lot subdivision proposal.

I have agreed to be compensated on hourly basis for the services rendered in connection with the preparation of this Report at the rate of 100 dollars per hour, plus reimbursement for out of pocket expenses. My compensation is not dependent upon the outcome of the pending litigation between Dring/Asaro and ALO.

A statement of my professional qualifications and experience is contained in Exhibit "B" attached hereto.

Sincerely,

*[signature: William Schoenagel, PLS]*

William F. Schoenagel, PLS

**SCHOENAGEL & SCHOENAGEL**
William F. Schoenagel, PLS
1320 Rt. 507, Greentown, PA 18426
Ph # 570-857-0256   FAX # 570-857-1886
October 26,2016

Re: Professional Qualifications

I began surveying during summers starting in 1975 as an employee of Schoenagel & Schoenagel.

I attended college from 1979 until graduation in 1981 at the Pennsylvania State University in Lehman, PA. I graduated from the Wilkes-Barre campus with an Associates Degree in Surveying Technology.

After graduation from college, I became a full time employee of Schoenagel & Schoenagel. Schoenagel & Schoenagel is a firm specializing in boundary surveys, topographical surveys, subdivisions, land developments and civil engineering.

On 8/10/87 I became a registered Professional Land Surveyor.

I am member of the Pennsylvania Society of Land Surveyors (PSLS) and the American College of Surveying and Mapping (ACSM). I have attended many of PSLS's winter annual conferences. These conferences are for an annual meeting and educational seminars, where continuing education credits are given.

_____     _____
William F. Schoenagel, PLS                       Date



THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF WAYNE

SALVATORE CULOTTA and
ELLY CULOTTA,
          Plaintiffs

VS.

ARIEL LAND OWNERS, INC.,
          Defendants

CIVIL ACTION – LAW

NO. 137-CV-2016

## ORDER

**AND NOW**, to wit, this _28_ day of December, 2016, after argument and upon consideration of Plaintiffs' Motion for Summary Judgment, it is hereby **ORDERED** that Summary Judgment is **DENIED**.[1]

BY THE COURT

ROBERT J. CONWAY
SENIOR JUDGE
22ND JUDICIAL DISTRICT

cc:    R. Anthony Waldron, Esq.
        Joseph A. O'Brien, Esq.

KW

CERTIFIED FROM THE RECORD
DEC 28 2016
EDWARD G SANDERCOCK
PROTHONOTARY & CLERK

---

[1] Summary judgment may be entered prior to the completion of discovery in matters where additional discovery would not aid in the establishment of any material fact. Pa. R.C.P. 1035.2(1). Additional discovery in this matter may aid in establishing ownership of Cardinal Lane.

_____
Theodore E. Malakin

Commonwealth of Pennsylvania    :
                                : ss.:
County of Lackawanna            :

On this, the 23rd day of January, 2017, before me personally appeared Theodore E. Malakin, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
James W. Reid, Notary Public
South Abington Twp., Lackawanna County
My Commission Expires Aug. 26, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

3

## CERTIFICATE OF SERVICE

I, **Joseph A. O'Brien**, of Oliver, Price & Rhodes, hereby certify that on the 23rd day of January, 2017, I served a true and correct copy of the foregoing SECOND SUPPLEMENTAL AFFIDAVIT OF THEODORE E. MALAKIN pursuant to the Federal Rules of Civil Procedure, addressed as follows:

> Rosenn, Jenkins and Greenwald, LLP
> Garry S. Taroli, Esquire
> Robert N. Gawlas, Jr., Esquire
> 15 South Franklin Street
> Wilkes Barre, PA   18711-0075

Respectfully submitted,

/s/ Joseph A. O'Brien
Joseph A. O'Brien, Esquire
Attorney I.D. No.: 22103
Oliver, Price & Rhodes
1212 South Abington Road
Clarks Summit, PA   18411
Tel: 570-585-1200
Fax: 570-585-5100
Email: jaob@oprlaw.com
*Attorney for the Defendant, Ariel Land Owners, Inc.*

P:\O'BRIEN, JOE\ARIEL LAND OWNERS\D&A vs. ALO-478-Current\Pleadings\2nd Supplemental Affidavit.MalakinT.docx